# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

Filed: August 20, 2018

```
* * * * * * * * * * * * *
JACQUELYNN HERNANDEZ,          *        No. 16-1508V
                               *
            Petitioner,        *        Special Master Sanders
                               *
v.                             *
                               *
SECRETARY OF HEALTH            *        Attorneys' Fees and Costs; Expert
AND HUMAN SERVICES,            *        Costs
                               *
            Respondent.        *
* * * * * * * * * * * * *
```

<u>Michael A. Baseluos</u>, Baseluos Law Firm, PLLC, San Antonio, TX, for Petitioner.
<u>Lara A. Englund</u>, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On November 14, 2016, Jacquelynn Hernandez ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioner alleged that the Tetanus-Diphtheria-acellular-Pertussis ("TDaP") vaccine she received on or about May 8, 2015 caused her to develop Guillain-Barré Syndrome ("GBS"). ECF No. 50. On March 28, 2018, the undersigned issued a decision awarding compensation to Petitioner pursuant to the parties' stipulation. *Id.*

On March 31, 2018, Petitioner filed a Motion for Attorneys' Fees and Costs and requested a total of $123,933.26[3] in attorneys' fees and costs. Pet'r Mot. at 3, ECF No. 54-1.

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] The request for attorneys' fees totaled $54,159.50, while the request for attorneys' costs totaled $8,523.76, with an additional $61,250.00 in expert costs. Pet'r's Mot. at 1-3.

Respondent filed a response on April 13, 2018.  ECF No. 55.  In his response, Respondent indicated that "[t]o the extent the special master is treating [P]etitioner's request for attorneys' fees and costs as a motion that requires a response from [R]espondent[,] . . . Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent recommended that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.  Petitioner filed a reply on that same date.  ECF No. 56.  In her reply, Petitioner argued that Respondent's position overly burdens the Court and Petitioner and that she has met her burden in establishing the reasonableness of her fee request.  *Id.* at 1-3.  Petitioner requested the undersigned award her fee request in full.  *Id.* at 4-5.

This matter is now ripe for consideration.

## I.     Attorneys' Fees

The Vaccine Act permits an award of reasonable attorneys' fees.  42 U.S.C. § 300aa-15(e).  The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees under the Vaccine Act.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008).  This is a two-step process.  *Id.*  First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  *Id.* at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial fee award calculation based on specific findings.  *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees.  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs.").  Applications for attorneys' fees must include contemporaneous and specific billing records that specify the work done and the amount of hours spent on said work.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney.  *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015).  The Court has updated the *McCulloch* rates for the past several years.[4]

### a.    Hourly Rates

Petitioner's counsel, Mr. Michael Baseluos, requested an hourly rates of $265.00 for his work performed in 2016, $275.00 for his work performed in 2017, and $295.00 for his work

---

[4] The 2018 Fee Scheduled can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf.

performed in 2018.  ECF No. 54-2 at 1-23.  Mr. Baseluos also charged $125.00 per hour of paralegal work he performed during the three years.  *Id.*  Mr. Baseluos' 2016 and 2017 hourly rates have been found reasonable within the Program.  *See Toole v. Sec'y of Health & Human Servs.*, No. 15-816V, 2017 U.S. Claims 653, at *2-4 (Fed. Cl. Spec. Mstr. May 10, 2017); *Saeid v. Sec'y of Health & Human Servs.*, No. 12-552V, 2017 U.S. Claims LEXIS 239, at *4-5 (Feb. 28, 2017).  Mr. Baseluos' requested rate for 2018 is within the range of the 2018 Fee Schedule, and the undersigned finds it reasonable.  *See Saeid*, 2017 U.S. Claims LEXIS 239 at *4-5 (noting that Mr. Baseluos has practiced in the Vaccine Program for eight years as of 2017).  Petitioner's paralegal rate is likewise reasonable.

### b.  Hours Expended

The undersigned has reviewed the billing records and finds that they are reasonable.  Petitioner shall thus be awarded attorneys' fees in full.

## II.    Attorneys' Costs

The Vaccine Act also permits an award of attorneys' costs.  42 U.S.C. § 300aa-15(e).  Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable.  *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992).  Petitioner requests compensation for $8,523.76 in attorneys' costs and $61,250.00 in expert costs.  Pet'r's Mot. at 1, 3.  Petitioner herself did not incur any costs related to this case.  ECF No. 54-3.  Petitioner's attorneys' costs involve retainers for both experts and expenses for collecting medical records.  ECF No. 54-2 at 23.  The undersigned will award costs in full, minus the following reduction.

Petitioner retained two experts in this case, Dr. Marcel Kinsbourne and Dr. Omid Akbari.  ECF Nos. 54-4, 54-5.  Dr. Kinsbourne charged $500 per hour for 22.5 hours, totaling a request of $9,250.00.[5]  ECF No. 54-4.  The undersigned has found this hourly amount reasonable in the past, given Dr. Kinsbourne's experience in the Program and qualifications.  *Malloy v. Sec'y of Health & Human Servs.*, No. 16-754V, 2018 U.S. Claims LEXIS 334, at *10 (Fed. Cl. Spec. Mstr. Mar. 14, 2018).  The undersigned therefore will award Petitioner Dr. Kinsbourne's costs in full.

Petitioner's other expert, the immunologist Dr. Omid Akbari, billed $750.00 per hour for 76 hours, totaling a request of $52,000.[6]  ECF No. 54-5 at 2-3.  Petitioner argued that Dr. Akbari's high hourly rate is justified due to his qualifications.  Pet'r's Mot. at 2.  Dr. Akbari is a professor in the Department of Molecular Microbiology and Immunology at the University of Southern California Keck School of Medicine.  Pet'r's Ex. 9, ECF No. 32-2.  He is also an editor on several medical journals and has taught graduate school courses since 2008.  *Id.* at 2-3, 4.  Dr. Akbari is indeed qualified to opine in vaccine-injury cases; however, the undersigned finds $750 an hour to be an unreasonable rate given Dr. Akbari's experience in the Program.  The

---

[5] Dr. Kinsbourne's total calculates to $11,250.00; however, Petitioner paid Dr. Kinsbourne a $2,000 retainer, reducing his requested total to $9,250.00.  ECF No. 54-4.

[6] Dr. Akbari's total amounted to $57,000; however, as with Dr. Kinsbourne, Petitioner paid a retainer of $5,000, bringing Dr. Akbari's total to $52,000.  ECF No. 54-5 at 3.

undersigned finds it reasonable to apply Dr. Kinsbourne's rate of $500.00 an hour to Dr. Akbari given both physicians' qualifications.  The resulting deduction equals **$19,000**.

### III.    Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs, other than the reduction delineated above, is reasonable.  Accordingly, the undersigned hereby awards **the total of $104,933.26,** [7] **in the form of a check made payable jointly to Petitioner and Petitioner's counsel, Michael A. Baseluos, of Baseluos Law Firm, LLC, for attorneys' fees and costs**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[8]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[7] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[8] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review.  Vaccine Rule 11(a).